UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO GONZALES,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES, *et al.*,<br><br>    Defendants. | Case No. 1:21-cv-01053-CDB (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S SUPPLEMENTAL[1] REQUEST FOR TEMPORARY RESTRAINING ORDER<br><br>(ECF No. 9)<br><br>**FOURTEEN (14) DAY DEADLINE**<br><br>Clerk of Court to assign a district judge. |

  Plaintiff Antonio Gonzalez is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983[2] and the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680. Plaintiff is housed at United States Penitentiary, Atwater ("USP Atwater"). He names as defendants the United States, Warden A. Liolli, Assistant Health Services Administrator K. Silva, and unknown administrative and operations staff at USP Atwater. Plaintiff has a filed a motion for a temporary restraining order ("TRO") seeking immediate release from custody to prevent severe sickness or death due to COVID-19. (ECF No. 9.) For the following reasons, the Court recommends denial of Plaintiff's request for a TRO.

---

[1] Plaintiff has not filed a prior motion for a temporary restraining order in this case.

[2] In the first screening order, the Court provided Plaintiff with legal standards indicating that Plaintiff cannot maintain an action based on a federal actor's negligence under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

## I. DISCUSSION

Federal courts are courts of limited jurisdiction, and in considering a request for preliminary injunctive relief, the court is bound by the requirement that, as a preliminary matter, it have before it "an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). Additionally, the court's jurisdiction is limited to the parties in this action. The courts do not have personal jurisdiction over nonparties or prison officials in general. *See Zepeda v. U.S. Immigr. Svc.*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Rule 65 of the Federal Rules of Civil Procedure further provides that a TRO or preliminary injunction is only binding on the parties; the parties' officers, agents, servants, employees, and attorneys; and other persons who are in active concert or participation with those individuals. Fed. R. Civ. P. 65(d)(2)(A)–(C).

The Court has screened Plaintiff's complaint and determined that it fails to state a cognizable claim. Under the current posture of the case, where there is no operative complaint and defendants have not been served, the Court lacks jurisdiction over the claims and the defendants. Although the certificate of service indicates service on the Warden at USP Atwater, Plaintiff's motion does not identify an individual or entity against whom injunctive relief is sought, and any TRO issued by the Court in this case would not be binding on any unserved parties or nonparties. Fed. R. Civ. P. 65(d)(2).

The Court is not authorized to order a prisoner released from custody in a civil rights action brought under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). A petition for habeas corpus is the exclusive vehicle for challenging the validity or duration of confinement, including for a prisoner seeking immediate release from confinement. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam); *Presier v. Rodriguez*, 411 U.S. 475, 487 (1973). *E.g.*, *Henson v. Corizon Health, Inc.*, No. 20-15986, 2022 WL 421818, at *1 (9th Cir. Feb. 11, 2022), *aff'g* No. CV 19-04396-PHX-MTL (DMF), 2020 WL 2037071 (D. Ariz. Apr. 28, 2020) (denying plaintiff's emergency motion for preliminary

injunction for his release from prison because of department of corrections' inability to protect him from COVID-19).

To the extent Plaintiff seeks compassionate release in light of his medical conditions and risk of exposure to COVID-19, the request is not properly before this Court.  Under 18 U.S.C. § 3582(c)(1)(A), all motions for sentencing reductions, including motions for compassionate release, must be filed in the sentencing court.  *See United States v. Ono*, 72 F.3d 101, 102 (9th Cir. 1995) (holding that a motion under section 3582(c) is a step in the criminal case that requires the sentencing court to reexamine the original sentence); *see also Bolden v. Ponce*, No. 1:20-cv-03870-JFW-MAA, 2020 WL 2097751, at *2 (C.D. Cal. May 1, 2020) (holding that the district court lacks authority to grant release under § 3582(c)(1)(A) based on conditions caused by COVID-19 pandemic because petition was not filed in sentencing court).  Because this Court is not the sentencing court, it cannot grant Plaintiff compassionate release.

The Court concludes that it lacks the authority to order Plaintiff's immediate release from federal custody, and Plaintiff's request for injunctive relief must be denied.[3]

## II. CONCLUSION

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for a temporary restraining order, (ECF No. 9), be DENIED.

These findings and recommendations will be submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1).  **Within fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

///

---

[3] Therefore, the Court does not address whether Plaintiff has met his burden to demonstrate a likelihood of success on the merits, likelihood of irreparable harm in the absence of preliminary relief, the balance of equities tips in his favor, and whether an injunction serves the public interest.  *See Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008); *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009).

The Clerk of Court is DIRECTED to assign a district judge to this case.

IT IS SO ORDERED.

Dated:     **November 14, 2022**  

_____
UNITED STATES MAGISTRATE JUDGE