UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO GONZALES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES, *et al.*,<br><br>　　　　Defendants. | Case No. 1:21-cv-01053-ADA-CDB (PC)<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH COURT ORDER<br><br>(Doc. 11)<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

　　　　Plaintiff Antonio Gonzalez is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil action asserting a claim under the Federal Torts Claims Act, 28 U.S.C. §§ 2671–2680.  On November 11, 2022, the Court issued a screening order finding that Plaintiff's complaint fails to state a claim upon which relief can be granted.  (Doc. 11.)  The Court directed Plaintiff, within thirty days, to file a first amended complaint curing the deficiencies in his pleading.  (*Id.*)  The Court warned Plaintiff: "**If Plaintiff fails to comply with this order, the Court will recommend that this action be dismissed for failure to state a claim, failure to prosecute, and failure to obey a court order.**"  (*Id.* at 11) (emphasis in original).

　　　　The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide that "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."

1  L.R. 110. "District courts have inherent power to control their dockets" and, in exercising that
2  power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth.,*
3  *City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on
4  a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*,
5  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with
6  a court order to amend a complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130-31 (9th Cir.
7  1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421,
8  1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE in writing, **within twenty-one (21) days** from the date of service of this order, why this action should not be dismissed for his failure to state a claim, failure to prosecute, and failure to comply with the Court's order. Alternatively, within that same time frame, Plaintiff may file a first amended complaint curing the deficiencies identified in the Court's screening order (Doc. 11) or a notice of voluntary dismissal of this case. **Failure to comply with this order will result in a recommendation that this case be dismissed for failure to state a claim, failure to prosecute, and to obey a court order.**

IT IS SO ORDERED.

Dated:   **December 19, 2022**

UNITED STATES MAGISTRATE JUDGE

2