UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO GONZALES,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES, *et al.*,<br><br>　　　　　　Defendants. | Case No. 1:21-cv-01053-ADA-CDB (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM, FAILURE TO COMPLY WITH A COURT ORDER, AND FAILURE TO PROSECUTE<br><br>(Docs. 11, 14)<br><br>**FOURTEEN (14) DAY DEADLINE** |

　　　　Plaintiff Antonio Gonzales is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983[1] and the Federal Torts Claims Act, 28 U.S.C. §§ 2671–2680.

　　　　On November 11, 2022, the Court issued a screening order finding that Plaintiff's complaint fails to state a claim upon which relief can be granted. (Doc. 11.) The Court directed Plaintiff, within thirty days, to file a first amended complaint curing the deficiencies in his pleading. (*Id.*) The Court warned Plaintiff: "**If Plaintiff fails to comply with this order, the Court will recommend that this action be dismissed for failure to state a claim, failure to prosecute, and failure to obey a court ord**er." (*Id.* at 11) (emphasis in original).

---

[1] As explained in the screening order, a section 1983 claim may not be maintained against the federal actors under the facts of this case. (Doc. 11 at 5–6.)

1  After Plaintiff filed to comply with the order, on December 19, 2022, the Court issued an
2  order requiring Plaintiff to show cause, within twenty-one days, why this action should not be
3  dismissed for failure to state a claim, failure to prosecute, and failure to comply with the Court's
4  order. (Doc. 14.) The Court again warned Plaintiff: "**Failure to comply with this order will**
5  **result in a recommendation that this case be dismissed for failure to state a claim, failure to**
6  **prosecute, and to obey a court order.**" (*Id.* at 2) (emphasis in original). Plaintiff did not
7  respond to the order to show cause or file an amended complaint, and the time to do so has
8  passed.

9  The Ninth Circuit recognizes a distinction between dismissal of a complaint and
10 dismissal of an entire action, which constitutes a final judgment. *Lira v. Herrera*, 427 F.3d 1164,
11 1169 (9th Cir. 2005). Upon the dismissal of a complaint for failure to state a claim, the courts
12 routinely grant leave to amend the defective complaint. (*Id.*) "If a plaintiff does not take
13 advantage of the opportunity to fix his complaint, a district court may convert the dismissal of
14 the complaint into dismissal of the entire action." (*Id.*) (citing *Yourish v. Cal. Amplifier,* 191
15 F.3d 983, 992 (9th Cir. 1999)).

16 Here, the Court determined that the complaint failed to state a claim upon which relief
17 can be granted. The Court afforded Plaintiff an opportunity to amend the complaint; when
18 Plaintiff failed to file an amended complaint, the Court afforded Plaintiff a second opportunity
19 by issuing the order to show cause. (*See* Docs. 11, 14.) Because Plaintiff failed to amend the
20 defective complaint, no viable claims exist for this litigation to continue. Accordingly, this
21 action must be dismissed for failure to state a claim upon which relief may be granted.

22 The Court also advised Plaintiff that the failure to respond to the screening order and
23 failure to respond to the order to show cause would result in a recommendation to dismiss this
24 case for failure to obey a court order and failure to prosecute. (*Id.*) In determining whether to
25 dismiss an action for failure to comply with a court order or failure to prosecute, "the Court must
26 weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2)
27 the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the
28 availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on

their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish*, 191 F.3d at 990. Accordingly, the first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest . . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants . . . ." *Pagtalunan*, 291 F.3d at 642. Plaintiff's failure to file an amended complaint, despite being ordered to do so by the Court, has delayed resolution of this dispute and interfered with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *Id.* at 643, and Plaintiff's failure to respond to the screening order or the order to show cause have delayed the case. Therefore, the third factor weighs in favor of dismissal.

Lesser sanctions than dismissal would not be satisfactory to protect the Court from further unnecessary expenditure of its scarce resources. Plaintiff has chosen not to prosecute this action by filing an amended complaint, despite being warned of possible dismissal. Considering Plaintiff's incarceration and *in forma pauperis* status, monetary sanctions would be of little use. Plaintiff has apparently decided to stop prosecuting this case, so excluding evidence would be a meaningless sanction. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of imposing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Id.* (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

///

After weighing the factors, the Court finds that dismissal is appropriate for these reasons as well.  Although dismissal for failure to obey a court or failure to prosecute is typically without prejudice, this action must be dismissed with prejudice for the failure to state a claim.

Accordingly, it is HEREBY RECOMMENDED:

1. This case be dismissed with prejudice for failure to state a claim upon which relief may be granted, failure to comply with a court order, and failure to prosecute;

2. The Clerk of Court be directed to terminate pending motions[2] and deadlines, and to close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within fourteen (14) days** after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations."  A party's failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 11, 2023**

UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff's supplemental request for temporary restraining order (Doc. 9) and findings and recommendations to deny the request (Doc. 13) are pending and would be rendered moot by an order adopting the instant findings and recommendations.